Ruth Starobin, Appellant, v. Max Miskowitz, Respondent.

First Department, November 12, 1952.

*Samuel Zirn* for appellant.

*Louis R. Teig* for respondent.

*Per Curiam.* Plaintiff in an action based on a written contract moved for summary judgment. Partial summary judgment was granted, and plaintiff appeals from so much of the order as denied summary judgment as to the total sum in suit.

Plaintiff as the surviving widow had contracted on September 7, 1944, with her late husband's associate, defendant herein, in a close corporation for the sale of her stock in the corporation to the associate. The agreement provided that the purchase price was " tentative " and was to be adjusted upward or downward, as the case might be, depending upon the " Corporation's anticipated liability for Federal Income and Excess Profit Taxes for the year 1943, as it shall be finally determined, as hereinafter defined.'' There follow a series of paragraphs purporting to cover various contingencies in which there would be a refund or additional assessment for 1943 taxes for which adjustment should be made in the purchase price. The precise situation which has occurred was not expressly covered.

The partial summary judgment related to a refund under the agreement of excess 1943 taxes based solely on the taxable income for that year considered alone and is not involved in this appeal.

There was a refund in 1948 to the corporation in the amount of $15,805.36 on account of 1943 taxes. The refund was allowed because of the " carry-back " provision in the Federal tax laws. That is, the corporation incurred losses in 1944 and 1945 on account of which it was entitled to a refund of a portion of its 1943 taxes. It is to one half of the sum represented by this refund for which plaintiff makes claim.

The affidavits submitted on the motion do not suggest any available evidence in parol that would amplify the written agreement in determining the intention of the parties or the effect of the writing. Hence, there is no question of fact to be determined upon a trial. There is but a question of law and that is the interpretation of the written agreement. The parties do not contradict one another materially as to any event or conversation. They do controvert as to the meaning and effect of the agreement they signed.

We may now return to the written agreement. Had there been no losses in the two years after the base year of 1943, there would have been no refund on the 1943 taxes. Hence, it is argued that these subsequent events cannot determine that the 1943 taxes paid were " excessive ". On the other hand, it is equally true that if there had been no profit in 1943 on which the taxes had been paid there would have been no refund based on the losses sustained in the subsequent years. A sensible reading of the agreement leads to the conclusion that the parties intended that neither should gain or lose as a result of any adjustment in the 1943 taxes. There was provision for added contribution by plaintiff in event of deficiency and for refund to her in the event of overpayment of taxes on account of that year. What then were the 1943 taxes? As a matter of law — Federal law — they were a tentative amount, subject to adjustment for various factors. The factor involved here was later losses that could be carried back. The Federal law states that the adjustment in reference to the carry-back of 1944 and 1945 losses, is as to 1943 taxes and that the amounts paid to the taxpayer is on account thereof. The refunds are so described and are not to be considered as ill-concealed subsidies to corporations with losses in later years to offset taxes they paid in prosperous years. Hence, in construing the agreement we should follow the analysis and description of the Federal law. Then it follows that by reason of subsequent events it was determined that the 1943 taxes were excessive, that the corporation should receive a refund for the excess thereof, and that plaintiff is accordingly entitled to one half such refund.

The foregoing construction effects the intention of the parties insofar as one can read it from the agreement; it fairly divides the benefits and burdens between the parties with reference to which the agreement failed to express itself (the intention being implicit) in the same manner as to those matters in which expression was detailed, and it provides a relatively certain basis for construction.

The order so far as appealed from should be reversed, with $20 costs and disbursements to appellant, and the motion for summary judgment should be granted in all respects. Settle order.

DORE, J. P. (dissenting). The refunds, not made until 1948, were not due to any state of facts in existence when the agreement was made or the corporate tax return was filed, but concededly were due to losses suffered by the corporation in later

years and reflected back to the tax year 1943 by the so-called "carry-back" provisions of the Federal tax laws. There is an issue of fact as to the intention of the parties which should await a trial, viz., whether the parties intended that any corporate tax refund whatsoever based on corporate losses in subsequent years was within the contemplation of the parties when the agreement was entered into. The application for a refund was based on losses in the subsequent years, 1944 and 1945, and not on any claim that the tax paid in 1943 was in excess of or was an overpayment of the tax due for that year as such. Summary judgment is sought on the ground that no defense exists. However, the agreement is silent with respect to the precise state of facts which has occurred. No intent is expressed in the agreement to provide for a refund predicated on future losses. The agreement tentatively allowed $9,700 as plaintiff's contribution to the estimated tax for 1943, subject to a refund of any part if such estimated tax were found to be excessive. The later refund obtained on the 1943 tax related to losses in 1944 and 1945 and not on overpayment of 1943 taxes as such. Plaintiff's unilateral interpretation of the agreement reads into the agreement an intention that is not expressed. To determine the real intention of the parties a plenary trial should be had, and summary judgment denied.

Accordingly, I dissent and vote to affirm.

CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur in *Per Curiam* opinion; DORE, J. P., dissents and votes to affirm, in opinion, in which COHN, J., concurs.

Order, so far as appealed from, reversed, with $20 costs and disbursements to the appellant and the motion for summary judgment granted in all respects. Settle order on notice.